[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12547
Non-Argument Calendar

_____

Agency No. A96-271-060

FERDINANT SHAMO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 22, 2008)**

Before ANDERSON, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Ferdinant Shamo, proceeding pro se, seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming and adopting the Immigration

Judge's ("IJ") removal order and denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). Shamo argues that the BIA and IJ erred in finding his testimony not to be credible and denying his applications for asylum, withholding of removal, and CAT relief. Shamo also claims that the BIA erred by failing to review the record thoroughly.

We "review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA expressly adopted the IJ's decision and also wrote a decision itself, we review both the BIA's decision and the IJ's decision. See Najjar, 257 F.3d at 1284.

We review credibility determinations under the substantial evidence test, and "may not substitute [our] judgment for that of the BIA with respect to credibility findings." D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). Likewise, we also review the IJ's findings of fact under the substantial evidence test, and must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted).

2

## I. Adverse Credibilty And Asylum

The IJ's credibility determination must be "clean," which means that the IJ must state clearly whether he believed the petitioner. Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Furthermore,

> the IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted). In this case, Shamo has failed to demonstrate that the IJ's credibility decision was not supported by substantial evidence and, therefore, we will not overturn it. See Forgue, 401 F.3d at 1287. Accordingly, because the IJ found that Shamo was not credible in his testimony to support his eligibility for asylum and the documents he presented likewise do not compel a finding of eligibility, the petition for asylum must be denied.

## II. Withholding of Removal and CAT Relief

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "An alien bears the

3

burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). However, as in asylum cases, the alien does not need to prove that he or she would be "singled out" for persecution if (1) there is a "pattern or practice of persecution" against similarly situated individuals and (2) his or her inclusion within that group of individuals makes it is more likely than not that his or her life or freedom would be threatened if returned to that country. See 8 C.F.R. § 208.13(b)(2)(iii). Generally, when an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. Najjar, 257 F.3d at 1292-93.

To be entitled to relief under CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The burden of proof for an applicant seeking relief under

4

CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. Najjar, 257 F.3d at 1303. An individual who fails to establish a claim of asylum on the merits necessarily fails to establish eligibility for CAT relief. Forgue, 401 F.3d at 1288 n.4.

Because Shamo failed to satisfy his burden of showing either past persecution or a well-founded fear of future persecution in order to establish his eligibility for asylum, he also has failed to satisfy the higher burden required for withholding of removal. See Najjar, 257 F.3d at 1292-93. Likewise, Shamo's failure to carry his asylum and withholding of removal burdens shows that he also has not met the burden for CAT relief. See Forgue, 401 F.3d at 1288 n.4. Therefore, we deny the petition as to Shamo's applications for withholding of removal and CAT relief.

### III. BIA's Consideration of the Record

We have indicated that the BIA's failure to review the facts of the case before it may violate a petitioner's due process rights. See Mendoza, 327 F.3d at 1289 (holding that the BIA's summary affirmance procedure does not violate an alien's due process rights because the fact "[t]hat a one-sentence order was entered is no evidence that the BIA member did not review the facts of [the alien's] case"). In this case, however, there is no evidence indicating that the BIA did not review the record. In fact, the BIA's written opinion discussing the facts of Shamo's case

5

indicates that the BIA did review the record. Therefore, we find this claim meritless.

**PETITION DENIED.**